Claude **CARTIER**, Plaintiff,

v.

**SECRETARY OF STATE** and Commissioner of Immigration and Naturalization, Defendants.

No. C.A. 2045-72.

United States District Court,
District of Columbia,
Civil Division.

March 9, 1973.

Lawrence S. Lesser, Joseph A. Fanelli, Washington, D. C., for plaintiff.

Richard I. Chaifetz, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This is a suit to declare a determination of citizenship rights by the U. S. Department of State binding on all officers and agencies of the United States government. The citizenship determination, made by the Board of Appellate Review of the Department of State, was disputed by the Immigration and Naturalization Service, resulting in the withholding of Plaintiff's passport and Certificate of Naturalization, and Plaintiff brought this suit. Subsequently, the Attorney General entered this case to resolve the conflict between the two agencies, and issued an opinion declaring that Cartier was not a citizen.

 This case is submitted on cross motions for summary judgment and the material facts are undisputed. The primary issue is whether the Attorney General has the authority to review and to overrule the decision of the Department of State with respect to nationality. A corollary issue is whether a quasi-judicial decision of the Board, rendered in an adversary proceeding in which the government was represented, is binding and conclusive on all officers and agencies of the United States. For the reasons set forth below, this Court holds that the Attorney General does not have the authority to review or to overrule the decision of the Department of State and that the decision is binding and conclusive on all administrative agencies and officers of the United States government.

By statute, the Department of State has the exclusive authority to administer and enforce all nationality laws relating to a person not in the United States. The Immigration and Nationality Act, 66 Stat. 163, as amended, 8 U.S.C. § 1104(a)(1). Administrative regulations provide an appeal from a holding of loss of nationality, 22 C.F.R. 50.60, to an appellate board, 22 C.F.R. 7, through an adversary proceeding, 22 C.F.R. 50.61–50.72, which results in a final disposition of a case.

 Yet the Attorney General maintains that he may ignore the Board's decision since in this case the Board was improperly constituted, acted on an untimely appeal, and lacked jurisdiction over Cartier because he was in the United States at the time of appeal. This Court holds that the Board had jurisdiction over the appeal, jurisdiction having attached at the time the Certificate of Loss of Nationality was issued, 8 U.S.C. § 1104(a)(3), and in any case the failure of government counsel to raise these objections at the proceeding constitutes a waiver. Even if colorable, these minor technicalities could hardly support the Attorney General's claim to such a broad and unfettered power. If the Board's decision were defective, an appeal would not logically lie with the Attorney General whose authority extends to the naturalization of aliens and does not include nationality. 8 U.S.C. § 1103(a). Yet the Attorney General, relying on Section 103 of the Act, which provides that his decisions on all questions of law are controlling, maintains that he does have the power to decide this case, and furthermore, that his decision is final and conclusive on the Executive Branch. Immigration and Nationality Act, *supra*, Section 103, 8 U.S.C. §

1103(a). As interpreted in its legislative history, the power to decide questions of law extends only to statutory interpretations of prospective and general application. H.Rep.No. 1365, U.S.Code, Cong. and Admin.News, 82nd Cong. Vol. 2 (1952) 1653 at 1687. The issues of "voluntariness," presented in Cartier's case, is a question of fact, Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525 (1944), Soccodato v. Dulles, 96 U.S.App.D.C. 337, 226 F.2d 243 (1955), involving the credibility of witnesses and established only by clear, unequivocal and convincing evidence. Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796 (1942).

In addition to recounting detailed facts of Cartier's case in his opinion, and without the benefit of witnesses, cross examination or other elements of an adversary proceeding, the Attorney General made the findings that there was insufficient evidence to overcome the statutory presumption of "voluntariness," or to support the finding of "duress," and that Cartier had voluntarily renounced his citizenship. However, couching these issues as legal does not make them so. They are factual matters.

■ The Attorney General has never before attempted an appellate review over a quasi-judicial decision of the Board of Appellate Review of the Department of State, acting pursuant to its authority, and pursuant to adversary proceedings in which the government was represented, and this Court finds no such power in the statute. Furthermore, the Attorney General's posture as a reviewing forum poses serious questions of constitutional due process as a "citizen has the right to expect fair dealing from his government . . . and this entails . . . treating the government as a unit rather than as an amalgam of separate entities." S and E

Contractors v. United States, 406 U.S. 1, at 10, 92 S.Ct. 1411, at 1417, 31 L.Ed.2d 658 (1972). Cartier's treatment here, having once successfully had his rights determined by an agency to whom that power had been delegated, then being subjected to disavowal of those rights by an agency without the power to act, and finally, when he sought enforcement of those rights in court, being blocked by yet another agency without the power to act, strongly suggests a violation of due process.

Accordingly, plaintiff's motion for summary judgment will be granted, and defendants' motion for summary judgment will be denied.

### ORDER

Upon consideration of the Plaintiff's Motion for Summary Judgment, memorandum of points and authorities and attachments in support thereof, and of Defendants' Motion for Summary Judgment, memorandum of points and authorities and attachments in support thereof, and oral argument of counsel having been heard, it is this 8th day of March, 1973

Ordered and declared that the decision of the Board of Appellate Review of the Department of State is binding and conclusive on all administrative agencies and officers of the United States, and it is further

Ordered that the Secretary of the Department of State may not refuse to issue Plaintiff's passport on the grounds that he has expatriated himself and has lost his United States citizenship, and it is further

Ordered that the Commissioner of Immigration and Naturalization may not refuse to return Plaintiff's Certificate of Naturalization, or otherwise obstruct the issuance of his passport, on the grounds Plaintiff has expatriated himself and has lost his United States citizenship.